UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| In Re: | Case No. 23-40578-NGH |
| 4G PROPERTIES, LLC, | Chapter 11, Subchapter V |
| Debtor. | |

**ORDER CONFIRMING DEBTOR'S**
**PLAN OF REORGANIZATION AS MODIFIED**

The Debtor's *Plan of Reorganization* (Doc. 30)(the "Plan") under Chapter 11, Subchapter V of the Bankruptcy Code, "), a copy of which is attached hereto as Exhibit "A", came before the Court on May 7, 2024, with Steven L. Taggart appearing for the Debtor, Matthew W. Grimshaw appearing as Case Trustee, Andrew S. Jorgensen appearing for the Office of the United States Trustee, and Mark D. Perison appearing for Creditor Hopkins Mortgage Fund, LLC.

Prior to the hearing, the U.S. Trustee's Office filed *Acting United States Trustee's Objection to Debtor's Plan of Reorganization (Docket No. 30)* (Doc. 40)("UST Objection") and the Debtor's filed a *Modification of Proposed Plan of Reorganization* (Doc. 44)("Modification"), a copy of which is attached as Exhibit "B". The Case Trustee, Mr. Grimshaw, also filed a *Subchapter V Trustee's Statement of Position Regarding Confirmation of the Debtor's Plan of Reorganization* (Doc. 43)("Trustee's Position").

Based on the terms of the Plan and Modification, the Case Trustee's Position, statements made at the hearing, the withdrawal of the UST Objection, all creditors accepted the terms of the Debtor's Plan and the Case Trustee, and the U.S. Trustee's Office not objecting to the Plan as amended by the Modification (jointly "Modified Plan"), and therefore, with good cause appearing,

THIS COURT HEREBY ORDERS, ADJUDGES, AND DECREES THAT:

1. With respect to the Modified Plan, all requirements for confirmation set forth in 11 U.S.C. § 1191(a) and 11 U.S.C. § 1129(a) for this case have been satisfied and the Modified Plan is CONFIRMED as a consensual plan under § 1191(a).

2. The provisions of Chapter 11 of the United States Bankruptcy Code have been complied with and the Modified Plan has been proposed in good faith and not by any means forbidden by law.

3. Each holder of a claim or interest has accepted the Plan, or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtor were liquidated under Chapter 7 of the Bankruptcy Code on such date.

4. All payments made or promised by the Debtor or by a person acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been approved by, or are subject to the approval of, the Court as reasonable.

5. The Treatment of Class SC1 (Hopkins Mortgage Fund, LLC) is modified by adding the following language to Paragraph 3.3.2 of the Plan that the payment shall be "4,016.59" per month rather than "$4,011.59". Paragraph 3.3.4 of the Plan is modified by adding the following line: "Such relief is available to Hopkins without seeking stay relief".

6. Although the Plan was confirmed as a consensual Plan under 11 U.S.C. § 1191(a), given the short plan payment schedule, the Debtor's Plan chooses that discharge will be in conformance with 11 U.S.C. § 1192: discharge will occur on completion of the Plan payments by the Debtor.//end of text//

DATED: June 12, 2024



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

Submitted by:
Olsen Taggart PLLC
Steven L. Taggart
Debtor's Counsel

ACCEPTANCE AS TO FORM:

/s/ Andrew S. Jorgensen				Date:	June 11, 2024
Andrew S. Jorgensen, Esq.
Office of the U.S. Trustee

ACCEPTANCE AS TO FORM AND CONTENT:

/s/ Mathew W. Grimshaw				Date:	June 11, 2024
Matthew W. Grimshaw
Case Trustee


/s/ Mark D. Perison				Date:	June 11, 2024
Mark D. Perison
Counsel for Hopkins Mortgage Fund, LLC